**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

|  | x |  |
|---|---|---|
| ASHLEY FRANCIS, | : | |
| Plaintiff, | : | Civil Action No.: 7:22-cv-04706-KMK |
| -against- | : | |
| RIDGE HILL PROPERTY OWNER LLC, | : | |
| Defendant. | : | |
| ----------------------------------- X | | |

## <u>CONFIDENTIALITY AGREEMENT AND ORDER</u>

**WHEREAS,** Plaintiff Ashley Francis ("***Plaintiff***") and Defendant Ridge Hill Property Owner LLC ("***Defendant***") are parties in the above-captioned action;

**WHEREAS**, certain materials and information that are likely to be disclosed during the pendency of this case, or as part of discovery, contain confidential information;

**WHEREAS**, the parties wish to ensure that such confidential information shall not be used for any purpose other than the above-captioned action, any appeal therefrom, and only as permitted by this Protective Order;

**WHEREAS**, each of the parties recognizes that use, disclosure, or dissemination of such information other than as expressly permitted herein may cause harm to the entity to which the information belongs, and each of the parties represents that it has no intention to use any information obtained in discovery for any purpose other than the above-captioned action and any judicial review thereof.

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties and their respective attorneys, as follows:

1.      Any person subject to this agreement ("***Agreement***") who receives from any other

person any information of any kind – whether in the form of documents, testimony, or any other form – in discovery in the course of this litigation ("***Discovery Material***") that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Agreement shall not disclose or disseminate such Confidential Discovery Material to anyone except as expressly permitted by this Agreement.

2.     The party producing any given Discovery Material may designate as "Confidential" such portion(s) of Discovery Material that contains trade secrets, proprietary business information, commercially sensitive materials, and/or other non-public business, commercial, financial, or personal information, the public disclosure of which, in the good faith opinion of the producing party, warrants such a designation. Discovery Material other than deposition transcripts and exhibits may be designated "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. Discovery Material other than deposition transcripts and exhibits that are produced in electronic form may be designated as "Confidential" by including the term "Confidential" in the file name.

3.     The party producing any given Discovery Material may designate as "Highly Confidential" such portion(s) of Discovery Material that require the highest level of protection because of its peculiarly sensitive contents, disclosure of which would tend to cause material harm to the producing party's competitive position. Discovery Material other than deposition transcripts and exhibits may be designated "Highly Confidential" by stamping or otherwise clearly marking as "Highly Confidential" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. Discovery Material other than deposition transcripts and

2

exhibits that are produced in electronic form may be designated as "Highly Confidential" by including the term "Highly Confidential" in the file name.

4.      All deposition transcripts shall be presumptively considered Confidential during the deposition and for a period of thirty (30) days after the transcript of the deposition is received by the parties. At the expiration of the thirty (30) days, all or specified portions of deposition testimony may be designated as "Confidential" or "Highly Confidential" by providing notice either (i) on the record during the deposition, or (ii) at any time after the deposition up to and including the thirtieth day after that designating party's receipt of the deposition transcript.

5.      Discovery Material inadvertently produced without limitation may be designated by the producing party as "Confidential" after production, as long as the producing party provides written notice to the other party or parties as soon as reasonably practicable of this designation. Further, any party may designate documents produced by a third party as Confidential Discovery Material, pursuant to the terms of this Confidentiality Agreement and Order. No party shall be liable for any disclosure of a document or information not marked as Confidential before receiving such notice.

6.      In the event that the party receiving Discovery Material designated "Confidential" or "Highly Confidential" believes that it should be exempt from confidential treatment under the terms of this Agreement and Order, such party shall serve on the counsel for the producing party a written Notice of Objection. If the parties cannot reach agreement respecting the objection, any party may seek a ruling from the Court, pursuant to the Court's Individual Practice Rules and the Local Rules of the United States District Court for the Southern District of New York. The material(s) which are the subject of the objection shall be deemed Confidential or Highly Confidential until the Court rules otherwise. In connection with seeking a ruling from the Court

concerning such materials, the party asserting a designation of Confidential or Highly Confidential shall bear the burden of proving that such designation is warranted.

7.    Discovery Material designated Confidential shall not be disclosed to any person except:

(a)    the Court, and its officers and employees;

(b)    counsel of record and employees or independent contractors of counsel of record;

(c)    any party to this action;

(d)    any nonparty witness called to testify at deposition or any nonparty witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided said person signs the written acknowledgment annexed hereto as **Exhibit "A"** before being provided with such materials;

(e)    any person retained by a party or its attorneys to furnish technical or expert services and/or give testimony with respect to the subject matter of the action, provided said person signs the written acknowledgment annexed hereto as **Exhibit "A"** before being provided with such materials;

(f)    stenographers engaged to transcribe depositions, or trial proceedings, in this action;

(g)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy; and

(h)    any other person agreed upon by the parties.

Case 7:22-cv-04706-KMK   Document 26   Filed 03/20/23   Page 5 of 9

8.      The provisions regarding Discovery Material designated Confidential in Paragraph "7" apply to Discovery Material designated Highly Confidential except that material Designated Highly Confidential may not be disclosed or reviewed by the persons identified in subparagraph "7(c)."

9.      Counsel shall retain each signed written acknowledgment executed pursuant to Paragraph "7(d)" and "7(e)."

10.     Nothing in this Agreement shall prevent any party from seeking or requiring confidentiality protections beyond those called for in this Confidentiality Agreement.

11.     It is expressly recognized that inadvertent production by any party or third party of any privileged information shall not be deemed to be either: (a) a general waiver of the attorney-client privilege, the work product doctrine, the physician-patient privilege, or any other recognized privilege or protection; or (b) a specific waiver of any such privilege or protection with respect to documents being produced or testimony given. Notice of any claim of privilege as to any document claimed to have been produced inadvertently shall be given within a reasonable period of time after discovery of the inadvertent production, and, on request by any party, all inadvertently produced Discovery Material as to which a claim of privilege or work product protection is asserted and any copies thereof shall be promptly returned or destroyed.

12.     Any party may request that the Court permit the filing of Confidential or Highly Confidential Discovery Material, including any portions of pleadings, motions, or other papers that disclose Confidential or Highly Confidential Discovery Material, under seal in the manner provided by the Court's Individual Practice Rules. The parties will use their reasonable best efforts to minimize the filing of Discovery Materials under seal. If the Court does not permit the filing of Confidential or Highly Confidential Discovery Material, including any portions of pleadings,

motions, or other papers that disclose Confidential or Highly Confidential Discovery Material, under seal in the manner provided by the Court's Individual Practice Rules, then the filing party may file the Discovery Material without restriction.

13.    Irrespective of any designation as "Confidential" or "Highly Confidential" Confidential and Highly Confidential Discovery Material do not include information which is in the public domain.

14.    Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15.    Upon conclusion of this action and any appeals thereof, all Discovery Material designated Confidential or Highly Confidential, including all copies thereof, shall, be promptly destroyed or returned to the producing party or producing third party. If requested by the producing party, the recipient of Confidential or Highly Confidential Discovery Material shall certify that the Confidential or Highly Confidential Discovery Material provided by the producing party to the recipient has been destroyed.

16.    This Agreement may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument.

Dated: New York, New York
March 9, 2023

SEYFARTH SHAW LLP

John W. Egan
Paul H. Galligan 620
Eighth Avenue, 32nd
Floor New York, New
York 10018
(212) 218-5500
jegan@seyfarth.com
pgalligan@seyfarth.com

*Attorneys for Defendant Ridge Hill*

PARKER HANSKI LLC

Glen H. Parker
40 Worth Street, Suite 602
New York, NY 10013
(212) 248-7400
ghp@parkerhanski.com

*Attorneys for Plaintiff
Ashley Francis*

**SO ORDERED:**

Hon. Kenneth M. Karas          3/20/23
United States District Judge

7

**Exhibit "A"**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - ·
-                                                   x
ASHLEY FRANCIS,                                     :
                                                    :    Civil Action No.: 7:22-cv-04706-
                    Plaintiff,                      :    KMK
                                                    :
        -against-                                   :
                                                    :
RIDGE HILL PROPERTY OWNER LLC,                      :
                                                    :
                    Defendant.                      :
- - - - - - - - - - - - - · - - - - - - - - - - - - - - - - · x

**ACKNOWLEDGEMENT**

1.      I _____, being duly sworn, state that I reside at

in the City of _____ , State of                              .

2.      I have read and am fully familiar, understand and agree to comply with and be bound

by the provisions of the attached Confidentiality Agreement and Order between Plaintiff and

Defendant in the above-captioned action, and consent to the personal jurisdiction of the United

States District Court for the Southern District of New York for the enforcement thereof. I will

neither disclose to nor discuss with any third party any Confidential or Highly Confidential

Discovery Material, obtained in the above-captioned matter, except solely for the purpose of this

action and then only at the express direction of counsel for the Plaintiff or counsel for the

Defendant. I also agree, to the extent I am provided copies of any Discovery Material, to promptly

return or destroy all such copies to counsel for the Plaintiff or counsel for the Defendant at the

conclusion of the matter.

_____
Name:

Sworn to and subscribed before
me this _____ day of _____ ,

_____
Notary Public